■ ALICE ANISOWICZ, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent. [739 NYS2d 157] —In an action pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*), to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Posner, J.), entered August 25, 2000, as, upon a jury verdict finding that she was 80% at fault in the happening of the accident, in effect, adjudged her to be 80% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the facts in this case did not warrant a jury instruction on the inapplicability of the defense of assumption of risk. Under the Federal Employers' Liability Act (45 USC § 51 *et seq.*; hereinafter FELA), the defense of assumption of risk has been eliminated, while the defense of contributory negligence remains (*see,* 45 USC § 54; *Tiller v Atlantic Coast Line R.R. Co.,* 318 US 54). However, when either the evidence at trial or the arguments of counsel creates a danger that the jury may reduce a plaintiff's recovery based upon the theory of assumption of risk, the jury should be provided with an appropriate instruction on the doctrine of the assumption of risk and its inapplicability to FELA cases (*see, Fashauer v New Jersey Tr. Rail Operations,* 57 F3d 1269, 1275 [3d Cir]). In this case, the defense counsel argued that the plaintiff unreasonably proceeded to work near the alleged dangerous condition when she was aware of the risks and had the opportunity to work in a safer manner. This was an argument that the plaintiff was contributorily negligent, not that the plaintiff had assumed the risk of injury. Therefore, the

trial court acted appropriately by refusing to instruct the jury on the inapplicability of the defense of assumption of risk (see, *Fashauer v New Jersey Tr. Rail Operations, supra* at 1279-1280).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.